UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| MICHAEL SCOT FLECK, | : | CASE NO. 21-54965-LRC |
| | : | |
| Debtor. | : | |
| | : | |
| S. GREGORY HAYS, Chapter 7 Trustee for the Estate of Michael Scot Fleck, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | ADV. PRO. NO. _____ |
| | : | |
| JPMORGAN CHASE BANK, N.A. and FIGURE LENDING LLC, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee (the "**Plaintiff**" or "**Trustee**") for the bankruptcy estate of Michael Scot Fleck (the "**Bankruptcy Estate**"), by and through undersigned counsel, and files this *Complaint* against JPMorgan Chase Bank, N.A. ("**Chase**") and Figure Lending LLC ("**Figure Lending**" and with Chase, the "**Defendants**"), respectfully showing the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2).

17511370v1

3. This adversary proceeding is initiated under Rule 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 547, 550, and 551.

4. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409(a) because this adversary proceeding arises in and relates to the Chapter 7 bankruptcy case of Michael Scot Fleck ("**Debtor**"), Case No. 21-54965-LRC (the "**Bankruptcy Case**" or "**Case**") pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division.

5. Trustee consents to the entry of final orders or judgment by the Bankruptcy Court pursuant to Bankruptcy Rule 7008 of the Federal Rules of Bankruptcy Procedure.

6. The Defendants are subject to the jurisdiction of this Court.

## Statement of Facts

*A. General Background*

7. Debtor initiated the underlying Bankruptcy Case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on July 1, 2021 (the "**Petition Date**").

8. Trustee was thereafter appointed and remains the duly acting Chapter 7 trustee in this Case.

*B. Debtor's Purchase of the Property*

9. By virtue of a *Warranty Deed* (the "**Warranty Deed**") dated October 29, 2009, Debtor was granted sole ownership in a certain real property and improvements with a common address of 819 Durant PL, NE, #8, Atlanta, Georgia (the "**Property**").

10. The Warranty Deed was recorded in the real property records of the Clerk of the Superior Court of Fulton County, Georgia (the "**Real Estate Records**") on November 5, 2009.

11. Upon information and belief, also in October of 2009, Debtor executed a security

17511370v1

deed (the "**Original Security Deed**") conveying an interest in the Property to secure a loan that Debtor used to purchase the Property.

12. The Original Security Deed was cancelled in the Real Estate Records on August 22, 2018.

### C. The Subject Security Deeds

### 1. The First Security Deed

13. On or about July 25, 2018, Debtor executed a *Security Deed* (the "**Chase Security Deed**") in favor of Chase, conveying an interest in the Property to secure a debt (the "**Chase Debt**") in the original principal amount of $113,695.00 (the "**First Transfer**").

14. The Chase Security Deed was recorded in the Real Estate Records on August 10, 2018 beginning at Page 436 of Deed Book 59112.

15. A true and correct copy of the Chase Security Deed, along with any riders, is attached hereto and incorporated herein by reference as Exhibit "A."

16. The execution of the Chase Security Deed by Debtor was not attested by an official witness as required by O.C.G.A. § 44-14-61 (2015). This defect in attestation is apparent on the face of the Chase Security Deed.

17. As a result, the Chase Security Deed was not in recordable form, and, even though recorded, it did not provide constructive notice to a bona fide purchaser.

18. As a result, a bona fide purchaser could acquire an interest in the Property that was superior to the interest of Chase in the Property even after the Chase Security Deed was recorded.

### 2. The Second Security Deed

19. On or about March 10, 2020, Debtor executed a *Georgia Deed to Secure Debt*

17511370v1

(the "**Figure Security Deed**") in favor of Figure Lending, conveying an interest in the Property to secure a debt (the "**Figure Debt**") in the original principal amount of $82,437.00 (the "**Second Transfer**").

20. The Figure Security Deed was recorded in the Real Estate Records on March 16, 2020 beginning at Page 422 of Deed Book 61316.

21. A true and correct copy of the Figure Security Deed, along with any riders, is attached hereto and incorporated herein by reference as Exhibit "B."

22. The execution of the Figure Security Deed by Debtor was not attested by an official witness as required by O.C.G.A. § 44-14-61 (2015). This defect in attestation is apparent on the face of the Figure Security Deed.

23. As a result, the Figure Security Deed was not in recordable form, and, even though recorded, it did not provide constructive notice to a bona fide purchaser.

24. As a result, a bona fide purchaser could acquire an interest in the Property that was superior to the interest of Figure Lending in the Property even after the Figure Security Deed was recorded.

### D. Debtor's Pre-Petition Sale of the Property

25. On or about May 5, 2021, Debtor executed a *Limited Warranty Deed* (the "**Limited Warranty Deed**"), transferring the Property to Shun Kwan Phoebe (the "**Sale**") for a purchase price of $194,000.00 (the "**Sale Proceeds**").

26. On May 5, 2021, Debtor caused $110,599.00 of the Sale Proceeds to be transferred to Chase to pay the Chase Debt in full (the "**Chase Payment**").

27. Also on May 5, 2021, Debtor caused $83,659.45 of the Sale Proceeds to be transferred to Figure Lending to pay the Figure Debt in full (the "**Figure Payment**").

17511370v1

28. The Limited Warranty Deed was recorded in the Real Estate Records on May 19, 2021.

### E. Debtor's Financial Condition

29. On his bankruptcy disclosure forms, Debtor scheduled total unsecured claims of $196,445.00. [Doc. No. 1 at page 39 of 52].

30. Debtor scheduled total assets with a value of $1,735.00. *Id.*

31. Upon information and belief, Debtor's financial condition did not materially change from the date of the Sale of the Property on May 5, 2021 to the Petition Date.

32. Upon information and belief, on the date of the Sale of the Property on May 5, 2021, the value of Debtor's assets was less than the value of his liabilities.

33. There are currently $189,627.97 of unsecured claims filed in the Bankruptcy Case against the Bankruptcy Estate.

### COUNT I

### Claim to Avoid the First Transfer
### Under 11 U.S.C. § 547

34. Trustee realleges the allegations of paragraphs 1 through 33 above as though fully set forth herein.

35. Debtor's execution and delivery of the Limited Warranty Deed, which occurred on May 5, 2021 and within 90 days of the Petition Date, may have resulted in the First Transfer being perfected on May 5, 2021.

36. Alternatively, the recordation of the Limited Warranty Deed, which occurred on May 19, 2021 and within 90 days of the Petition Date, may have resulted in the First Transfer being perfected on May 19, 2021.

37. Alternatively, the First Transfer was never perfected before the Petition Date.

38. The First Transfer was made to or for the benefit of Chase.

39. The First Transfer was made on account of an antecedent debt, the Chase Debt, owed by Debtor to Chase before the First Transfer was made.

40. The First Transfer was made while Debtor was insolvent.

41. The First Transfer was made within 90 days of the Petition Date.

42. The First Transfer enabled Chase to receive more than Chase would have received if: (i) the Bankruptcy Case was a case under Chapter 7 of the Bankruptcy Code, (ii) the First Transfer had not been made, and (iii) Chase received payment of the Chase Debt to the extent provided by the provisions of the Bankruptcy Code.

43. Trustee may avoid the First Transfer under 11 U.S.C. § 547.

## COUNT II

### Claim for Preservation of Avoided First Transfer
### Under 11 U.S.C. § 551

44. Plaintiff realleges the allegations of paragraphs 1 through 43 above as though fully set forth herein.

45. The avoided First Transfer is preserved automatically for the benefit of the Bankruptcy Estate under 11 U.S.C. § 551.

## COUNT III

### Claim to Avoid the Second Transfer
### Under 11 U.S.C. § 547

46. Trustee realleges the allegations of paragraphs 1 through 33 above as though fully set forth herein.

47. Debtor's execution and delivery of the Limited Warranty Deed, which occurred on May 5, 2021 and within 90 days of the Petition Date, may have resulted in the Second Transfer

17511370v1

being perfected on May 5, 2021.

48. Alternatively, the recordation of the Limited Warranty Deed, which occurred on May 19, 2021 and within 90 days of the Petition Date, may have resulted in the Second Transfer being perfected on May 19, 2021.

49. Alternatively, the Second Transfer was never perfected before the Petition Date.

50. The Second Transfer was made to or for the benefit of Figure Lending.

51. The Second Transfer was made on account of an antecedent debt, the Figure Debt, owed by Debtor to Figure Lending before the Second Transfer was made.

52. The Second Transfer was made while Debtor was insolvent.

53. The Second Transfer was made within 90 days of the Petition Date.

54. The Second Transfer enabled Figure Lending to receive more than Figure Lending would have received if: (i) the Bankruptcy Case was a case under Chapter 7 of the Bankruptcy Code, (ii) the Second Transfer had not been made, and (iii) Figure Lending received payment of the Figure Debt to the extent provided by the provisions of the Bankruptcy Code.

55. Trustee may avoid the Second Transfer under 11 U.S.C. § 547.

## COUNT IV

### Claim for Preservation of Avoided Second Transfer
### Under 11 U.S.C. § 551

56. Plaintiff realleges the allegations of paragraphs 1 through 33 and paragraphs 46-55 above as though fully set forth herein.

57. The avoided Second Transfer is preserved automatically for the benefit of the Bankruptcy Estate under 11 U.S.C. § 551.

17511370v1

## COUNT V

### Claim to Avoid the Chase Payment
### Under 11 U.S.C. § 547

58. Trustee realleges the allegations of paragraphs 1 through 45 above as though fully set forth herein.

59. The Chase Payment was a transfer of Debtor's interest in property.

60. The Chase Payment was made to or for the benefit of Chase.

61. The Chase Payment was made on account of an antecedent debt, the Chase Debt, owed by Debtor to Chase before the Chase Payment was made.

62. The Chase Payment was made while Debtor was insolvent.

63. The Chase Payment was made within 90 days of the Petition Date.

64. The Chase Payment enabled Chase to receive more than Chase would have received if: (i) the Bankruptcy Case was a case under Chapter 7 of the Bankruptcy Code, (ii) the Chase Payment had not been made, and (iii) Chase received payment of the Chase Debt to the extent provided by the provisions of the Bankruptcy Code.

65. Trustee may avoid the Chase Payment under 11 U.S.C. § 547.

## COUNT VI

### Claim for Recovery from Chase
### Under 11 U.S.C. § 550(a)

66. Plaintiff realleges the allegations of paragraphs 1 through 45 and paragraphs 58 through 65 above as though fully set forth herein.

67. Chase is the initial transferee of the Chase Payment, or Chase is the entity for whose benefit the Chase Payment was made.

68. Trustee is entitled to recover from Chase the value of the Chase Payment in the

17511370v1

amount of $110,599.00 under 11 U.S.C. § 550.

## COUNT VII

### Claim for Preservation of Avoided Chase Payment
### Under 11 U.S.C. § 551

69. Plaintiff realleges the allegations of paragraphs 1 through 45 and paragraphs 58 through 68 above as though fully set forth herein.

70. The avoided Chase Payment is preserved automatically for the benefit of the Bankruptcy Estate under 11 U.S.C. § 551.

## COUNT VIII

### Claim to Avoid the Figure Payment
### Under 11 U.S.C. § 547

71. Trustee realleges the allegations of paragraphs 1 through 33 and paragraphs 46 through 57 above as though fully set forth herein.

72. The Figure Payment was a transfer of Debtor's interest in property.

73. The Figure Payment was made to or for the benefit of Figure Lending.

74. The Figure Payment was made on account of an antecedent debt, the Figure Debt, owed by Debtor to Figure Lending before the Figure Payment was made.

75. The Figure Payment was made while Debtor was insolvent.

76. The Figure Payment was made within 90 days of the Petition Date.

77. The Figure Payment enabled Figure Lending to receive more than Figure Lending would have received if: (i) the Bankruptcy Case was a case under Chapter 7 of the Bankruptcy Code, (ii) the Figure Payment had not been made, and (iii) Figure Lending received payment of the Figure Debt to the extent provided by the provisions of the Bankruptcy Code.

78. Trustee may avoid the Figure Payment under 11 U.S.C. § 547.

17511370v1

## COUNT IX

### Claim for Recovery from Figure Lending
### Under 11 U.S.C. § 550(a)

79. Plaintiff realleges the allegations of 1 through 33, paragraphs 46 through 57, and paragraphs 71 through 78 above as though fully set forth herein.

80. Figure Lending is the initial transferee of the Figure Payment, or Figure Lending is the entity for whose benefit the Figure Payment was made.

81. Trustee is entitled to recover from Figure Lending the value of the Figure Payment in the amount of $83,659.45 under 11 U.S.C. § 550.

## COUNT X

### Claim for Preservation of Avoided Figure Payment
### Under 11 U.S.C. § 551

82. Plaintiff realleges the allegations of paragraphs 1 through 33, paragraphs 46 through 57, and paragraphs 71 through 81 above as though fully set forth herein.

83. The avoided Figure Payment is preserved automatically for the benefit of the Bankruptcy Estate under 11 U.S.C. § 551.

### Reservation of Rights

84. Trustee reserves the right to amend this Complaint to add additional parties, to add additional transfers, and to assert additional claims, including but not limited to any and all claims arising under Title 11 of the United States Code or applicable law.

WHEREFORE, Trustee prays that this Court enter a judgment in favor of Trustee:

a) Avoiding the First Transfer under 11 U.S.C. § 547;

b) Preserving the First Transfer for the benefit of the Bankruptcy Estate under 11 U.S.C. § 551;

17511370v1

c) Avoiding the Second Transfer under 11 U.S.C. § 547;

d) Preserving the Second Transfer for the benefit of the Bankruptcy Estate under 11 U.S.C. § 551;

e) Avoiding the Chase Payment under 11 U.S.C. § 547;

f) Granting Trustee a money judgment against Chase in the amount of $110,599.00 under 11 U.S.C. §550;

g) Preserving the avoided Chase Payment for the benefit of the Bankruptcy Estate under 11 U.S.C. § 551;

h) Avoiding the Figure Payment under 11 U.S.C. § 547;

i) Granting Trustee a money judgment against Figure Lending in the amount of $83,659.45 under 11 U.S.C. §550;

j) Preserving the avoided Figure Payment for the benefit of the Bankruptcy Estate under 11 U.S.C. § 551; and

k) Granting such other and further relief that the Court deems just and proper.

Respectfully submitted this 17th day of December, 2021.

        ARNALL GOLDEN GREGORY, LLP
        *Attorneys for Trustee*

        By:*/s/   Michael J. Bargar*
        Michael J. Bargar
        Georgia Bar No. 645709
        michael.bargar@agg.com

171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
P: (404) 873-7030
F: (40) 873-7031

17511370v1

**EXHIBIT "A" FOLLOWS**

17511370v1

**EXHIBIT "B" FOLLOWS**

17511370v1