**EXHIBIT "B" FOLLOWS**

17511370v1

Deed Book 61316 Page 422
Filed and Recorded 03/16/2020 12:53:00 PM
2020-0152144
Georgia Intangible Tax Paid $247.50
Cathelene Robinson
Clerk of Superior Court
Fulton County, GA
Participant IDs: 9411392240
0848497841

Prepared By:
Scott Malone
Figure Lending LLC
237 Kearny St., #170
San Francisco, CA 94108

After Recording Return To:
Figure Lending LLC
Attn: Scott Malone
237 Kearny St., #170
San Francisco, CA 94108

APN:14-0048-0002-107-6

**GEORGIA**
**DEED TO SECURE DEBT**
**(Securing Future Advances)**


**THIS OPEN-END DEED TO SECURE DEBT** ("Security Deed") is made on 03/10/2020. The name and address of the Grantor(s) is/are Michael Fleck, 819 DURANT PL NE ATLANTA, GA 30308**.**  This Security Deed is given to Figure Lending LLC, whose address is 650 California Street, Suite 2700, San Francisco, CA 94108.  In this Security Deed, the terms "you," "your" and "yours" refer to the Grantor(s).  The terms "we," "us" and "our" refer to Figure Lending LLC.

Pursuant to a Home Equity Line of Credit Agreement ("Agreement") dated 03/09/2020, Michael Fleck ("Borrower") may incur indebtedness in amounts fluctuating from time to time up to a maximum credit limit of eighty-two thousand four hundred thirty-seven and 00/100 (U.S. $82,437.00).  The Agreement is a revolving, open-end line of credit.  The Agreement provides for monthly payments of principal and interest.  All amounts due under the Agreement must be paid in full not later than 04/06/2030.  Additional draws may be taken under the Agreement and each draw may have a different interest rate, as set forth more fully in the Agreement, and, as a result, the dollar amount of the monthly payments of principal and interest required under the Agreement may increase.

Pursuant to the terms of the Agreement, Borrower may request draws from time to time, subject to the credit limit and other limitations contained in the Agreement.  Each draw will be recorded in our books and records and will be due and payable no later than the end of its repayment period as set forth in the Agreement.  All draws, with interest thereon, and all and other amounts Borrower owes us under the Agreement will be secured by this Security Deed.  You agree that all draws taken by Borrower will be considered draws taken to or for the benefit of each or any of you, even if you did not sign the Agreement and even if you did not request the draw.

You agree that this Security Deed will continue to secure all draws now or later taken under the terms of the Agreement, including draws taken whether or not at the time a draw is taken there is any principal balance outstanding under the Agreement.  The parties agree that this Security Deed will secure unpaid draws, interest, future draws, and all other amounts due under this Security Deed and the Agreement.

This instrument is a deed passing legal title pursuant to the laws of the State of Georgia governing deeds to secure debt and is not a mortgage.  This Security Deed secures to us:

(a) the repayment of all amounts owed to us under the Agreement, including future draws, and all refinancings, renewals, extensions and modifications of the Agreement; (b) the payment of all other amounts, with interest, advanced under this Security Deed to protect the security of this Security Deed; and (c) the performance of your covenants and agreements under this Security Deed and the Agreement.  For this purpose and in consideration of the debt and in order to secure Borrower's obligation to us evidenced by the Agreement, Grantor hereby grants, bargains, conveys, transfers, assigns and sells unto us and our successors and assigns, with power of sale, the following described property located in FULTON County, Georgia:  described on exhibit A attached hereto

which has the address of 819 DURANT PL NE # 8 ATLANTA, Georgia 30308 ("Property Address");

**TO HAVE AND TO HOLD** this property unto us and our successors and assigns, forever, together with all the improvements now or later erected on the property, and all easements, rights, appurtenances, and fixtures now or later a part of the property.  All replacements and additions will also be covered by this Security Deed.  All of the foregoing is referred to in this Security Deed as the "Property."

**YOU COVENANT** that you are lawfully seized and possessed of the Property hereby conveyed and have the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.  You warrant and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

**YOU AND WE** covenant and agree as follows:

1.    **Payment of Principal, Interest and Other Charges.**  Borrower will pay when due the principal, interest and all other amounts owing under the Agreement and all other amounts due under this Security Deed.

2.    **Application of Payments.**  Unless applicable law provides otherwise, all payments received by us under the Agreement and Section 1 will be applied by us as provided in the Agreement.

3.    **Prior Security Instruments; Charges; Liens.**  You will perform all of your obligations under any mortgage, deed of trust, deed to secure debt or other security instruments with a lien which has priority over this Security Deed, including your covenants to make payments when due.  You will pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Deed or any advance under this Security Deed, and leasehold payments or ground rents, if any.  Upon our request, you will promptly furnish to us all notices of amounts to be paid under this Section and receipts evidencing any such payments you make directly.  You will promptly discharge any lien (other than a lien disclosed to us in your application or in any title report we obtained) which has priority over this Security Deed or any advance under this Security Deed.

We specifically reserve to our self and our successors and assigns the unilateral right to require, upon notice, that Borrower pay to us on the day monthly payments are due an amount equal to one-twelfth (1/12) of the yearly taxes, and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Security Deed and ground rents on the Property, if any, plus one-twelfth (1/12) of yearly premium installments for

2

hazard and mortgage insurance, all as we reasonably estimate initially and from time to time, as allowed by and in accordance with applicable law.

**4.    Hazard Insurance.**  You will keep the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding and earthquakes, for which we require insurance.  This insurance will be maintained in the amounts and for the periods that we require.  You may choose any insurer reasonably acceptable to us.  Insurance policies and renewals will be acceptable to us and will include a standard mortgagee clause.  If we require, you will promptly give us all receipts of paid premiums and renewal notices.  If you fail to maintain coverage as required in this Section, you authorize us to obtain such coverage as we in our sole discretion determine appropriate to protect our interest in the Property in accordance with the provisions in Section 6.  You understand and agree that any coverage we purchase may cover only our interest in the Property and may not cover your interest in the Property or any personal property. You also understand and agree that the premium for any insurance may be higher than the premium you would pay for the insurance.   You will promptly notify the insurer and us of any loss.  We may make proof of loss if you do not promptly do so.

We may also, at our option and on your behalf, adjust and compromise any claims under any insurance, give releases or acquittances to the insurance company in connection with the settlement of any claim and collect and receive insurance proceeds.    You appoint us as your attorney-in-fact to do all of the foregoing, which appointment you understand and agree is irrevocable, coupled with an interest with full power of substitution and will not be affected by your subsequent disability or incompetence.

Insurance proceeds will be applied to restore or repair the Property damaged, if restoration or repair is economically feasible and our security would not be lessened.  Otherwise, insurance proceeds will be applied to amounts secured by this Security Deed, whether or not then due, with any excess paid to you.  If you abandon the Property, or do not answer within 30 days our notice to you that the insurer has offered to settle a claim, we may then collect and use the proceeds to repair or restore the Property or to pay amounts secured by this Security Deed, whether or not then due.  The 30-day period will begin when notice is given.  Any application of proceeds to principal will not require us to extend or postpone the due date of monthly payments or change the amount of monthly payments.  If we acquire the Property at a forced sale following your default, your right to any insurance proceeds resulting from damage to the Property prior to the acquisition will pass to us to the extent of the amounts secured by this Security Deed immediately prior to the acquisition.

You will not permit any condition to exist on the Property which would, in any way, invalidate the insurance coverage on the Property.

**5.    Preservation, Maintenance and Protection of the Property;  Loan Application; Leaseholds.**  You will not destroy, damage or substantially change the Property, allow the Property to deteriorate, or commit waste.  You will be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in our good faith judgment could result in forfeiture of the Property or otherwise materially impair our interest in the Property and/or rights under this Security Deed.  You may cure such a default, as provided in Section 17, by causing the action or proceeding to be dismissed with a ruling that, in our good faith determination, precludes forfeiture of your interest in the Property or other material impairment of our interest in the Property and/or rights under this Security Deed. You will also be in default if you, during the home equity line of credit application process, gave materially false or inaccurate information or

3

statements to us (or failed to provide us with any material information) in connection with the home equity line of credit evidenced by the Agreement, including representations concerning your occupancy of the Property as a principal residence.  If this Security Deed is on a leasehold, you will comply with the lease.  If you acquire fee title to the Property, the leasehold and fee title will not merge unless we agree to the merger in writing.

**6.    Protection of Our Rights in the Property; Mortgage Insurance.**  If you fail to perform the covenants and agreements contained in this Security Deed, or there is a legal proceeding that may significantly affect our rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws), then we may do, and pay for, anything necessary to protect the Property's value and our rights in the Property.  Our actions may include paying any amounts secured by a lien which has priority over this Security Deed or any draw or amounts owed under the Agreement or this Security Deed, appearing in court, paying reasonable attorney's fees, paying any amounts which you are required to pay under this Security Deed and entering on the Property to make repairs.  We do not have to take any action we are permitted to take under this Section.  Any amounts we pay under this Section will become additional amounts you owe us and will be secured by this Security Deed.  These amounts will bear interest from the disbursement date at the rate established under the Agreement and will be payable, with interest, upon our request.  If we required mortgage insurance as a condition of making the home equity line of credit secured by this Security Deed, Borrower will pay the premiums for such insurance until such time as the requirement for the insurance terminates.

**7.    Inspection.**  We may enter and inspect the Property at any reasonable time and upon reasonable notice.

**8.    Condemnation.**    The proceeds of any award for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are assigned and will be paid to us.  If the Property is abandoned, or if, after notice by us to you that the condemnor offers to make an award or settle a claim for damages, you fail to respond to us within 30 days after the date the notice is given, we are authorized to collect and apply the proceeds, at our option, either to restoration or repair of the Property or to the amounts secured by this Security Deed, whether or not then due.  Unless we and Borrower otherwise agree in writing, any application of proceeds to principal will not extend or postpone the due date of the monthly payments payable under the Agreement and Section 1 or change the amount of such payments.

**9.    You Are Not Released; Forbearance by Us Not a Waiver.**  Extension of time for payment or modification of amortization of the amounts secured by this Security Deed granted by us to any of your successors in interest will not operate to release your liability or the liability of your successors in interest.  We will not be required to commence proceedings against any successor in interest, refuse to extend time for payment or otherwise modify amortization of the amounts secured by this Security Deed by reason of any demand made by you or your successors in interest.  Our forbearance in exercising any right or remedy will not waive or preclude the exercise of any right or remedy.

**10.    Successors and Assigns Bound; Joint and Several Liability; Co-Signers.**  The covenants and agreements of this Security Deed will bind and benefit your successors and permitted assigns.  Your covenants and agreements will be joint and several. Anyone who co-signs this Security Deed but does not execute the Agreement:  (a) is co-signing this Security Deed only to mortgage, grant and convey such person's interest in the Property; (b) is not

4

personally obligated to pay the Agreement, but is obligated to pay all other amounts secured by this Security Deed; and (c) agrees that we and anyone else who signs this Security Deed may agree to extend, modify, forbear or make any accommodations regarding the terms of this Security Deed or the Agreement without such person's consent.

**11.     Loan Charges.**  If the loan secured by this Security Deed is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any amounts already collected from you which exceed permitted limits will be refunded to you.  We may choose to make this refund by reducing the principal owed under the Agreement or by making a direct payment to you.  If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Agreement.

**12.     Notices.**  Unless otherwise required by law, we may deliver any notice to you provided for in this Security Deed by mail, at the most recent address we have on file for you, or if you have consented to electronic communications, by e-mail or any other electronic method to which you have consented.  Unless otherwise required by law, any notice to us will be given by first class mail to our address provided above or any other address we designate by notice to you.

**13.     Governing Law; Severability.**  This Security Deed is governed by the law of the jurisdiction in which the Property is located.  In the event that any provision of this Security Deed conflicts with applicable law, such conflict will not affect other provisions of this Security Deed which can be given effect without the conflicting provision.  The provisions of this Security Deed are severable.

**14.     Transfer of the Property.**  If all or any part of the Property or any interest in it is sold or transferred without our prior written consent, we may, at our option, require immediate payment in full of all amounts secured by this Security Deed.  However, this option will not be exercised by us if exercise is prohibited by applicable law.

**15.     Sale of Agreement; Change of Loan Servicer.**  The Agreement or a partial or participation interest in the Agreement (together with this Security Deed) may be sold one or more times without prior notice to you.  A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Agreement and this Security Deed.  There also may be one or more changes of the Loan Servicer unrelated to the sale of the Agreement.  If there is a change of the Loan Servicer, you will be given written notice of the change as required by applicable law.  The notice will state the name and address of the new Loan Servicer and any change in address to which payments should be made.  The notice will also contain any information required by applicable law.

**16.     Hazardous Substances.**  You will not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances (defined below) on or in the Property.  You will not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law (defined below).  The preceding two sentences will not apply to the presence, use, or storage on the Property of Hazardous Substances in quantities that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. You will promptly give us written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property

5

and any Hazardous Substance or Environmental Law of which you have actual knowledge. If you learn or are notified by any government or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, you will promptly take all necessary remedial actions in accordance with Environmental Law. As used in this Security Deed, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Security Deed, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**17.     Acceleration; Remedies.  You will be in default if (a) any payment required by the Agreement or this Security Deed is not made when it is due; (b) we discover that you have committed fraud or made a material misrepresentation in connection with the Agreement; or (c) you take any action or fail to take any action that adversely affects our security for the Agreement or any right we have in the Property.  If a default occurs, we will give you notice specifying: (i) the default; (ii) the action required to cure the default; (iii) a date, not less than 30 days from the date the notice is given to you, by which the default must be cured; and (iv) that failure to cure the default on or before the date specified in the notice may result in acceleration of the amounts secured by this Security Deed and foreclosure or sale of the Property.  The notice will further inform you of any right to reinstate after acceleration and any right to bring a court action to assert the nonexistence of a default or any other defense you may have to acceleration and foreclosure or sale.  If the default is not cured on or before the date specified in the notice, we, at our option, may require immediate payment in full of all amounts secured by this Security Deed without further demand and may invoke the power of sale granted by you and any other remedies permitted by applicable law.  We will be entitled to collect all charges, costs, fees and expenses incurred in pursuing the remedies provided in this Section 17, including reasonable attorneys' fees of fifteen percent (15%) of the amount due and owing as permitted by applicable law and costs of title evidence.   You   appoint us the agent and attorney-in-fact for you to exercise the power of sale. If we invoke the power of sale, we shall give a copy of a notice of sale by public advertisement for the time and in the manner prescribed by applicable law. We, without further demand on you, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order we determine. We or our designee may purchase the Property at any sale.**

**We shall convey to the purchaser indefeasible title to the Property, and you hereby appoint us as your agent and attorney-in-fact to make such conveyance. The recitals in our deed shall be prima facie evidence of the truth of the statements made therein. You covenant and agree that we shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Deed; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by applicable law.**

**If the Property is sold pursuant to this Section 17, you, or any person holding possession of the Property through you, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, you or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.**

6

**18.    Discontinuance of Enforcement.**  Notwithstanding our acceleration of the amounts secured by this Security Deed under the provisions of Section 17, we may, in our sole discretion and upon such conditions as we in our sole discretion determine, discontinue any proceedings begun to enforce the terms of this Security Deed.

**19.    Release.**  Upon your request that we terminate the Agreement secured by this Security Deed and the payment and discharge by you of all amounts secured by this Security Deed, we shall cancel this Security Deed without charge to you.  You will pay any recordation costs, as permitted by law.

**20.    Additional Charges.**  Borrower agrees to pay any charges, costs, fees and expenses permitted by law in connection with the servicing of the Agreement, including the costs of obtaining tax searches and subordinations.

**21.    Waiver.**  You waive all rights of homestead exemption in, and statutory redemption of, the Property and all right of appraisement of the Property and relinquish all rights of curtesy and dower in the Property.  No waiver by us at any time of any provision, agreement or covenant contained in this Security Deed or the Agreement will be deemed to be or construed as a waiver of any other provision, agreement or covenant or of the same provision, agreement or covenant at any other time.

**22.    Riders to this Security Deed**.  If one or more riders are executed by you and recorded together with this Security Deed, the covenants and agreements of each such rider will be incorporated into and will amend and supplement the covenants and agreements of this Security Deed as if the rider(s) were a part of this Security Deed.

Check applicable boxes:

☐ Condominium Rider              ☐ 2-4 Family Rider

☐ Planned Unit Development       ☐ Other(s) (specify)
   Rider

**BY SIGNING BELOW,** you accept and agree to the terms, agreements and covenants contained in this Security Deed and in any rider(s) executed by you and recorded with it.

*Michael Fleck*                    (L.S.)     03/10/2020
Michael Fleck

*Taylor Davis*                               03/10/2020
Taylor Davis
(Unofficial Witness)

7

_____   ____03/10/2020

Michael Cook
(Notary Public)

6444F12D34EAAE5D87CCF2F5A469FFFA
9B76C5971913EFBC6872938FDCFB1BAA
47C750903D12475BAB6AB741F01B6CF7
2AD4C23E801B131063F79110AA2ECF8F

8

Deed Book 61316 Page 430

State of Nevada

County of Washoe

On this 10th day of March 2020, before me, Michael Cook (the undersigned notary public), Michael Fleck personally appeared by means of an interactive two-way audio and video communication, proved to me through satisfactory evidence which were a government-issued identification credential, credential analysis and identity proofing, to be the person whose name is signed on the preceding or attached instrument, and who acknowledged to me that this person was the maker of the attached instrument and executed this instrument voluntarily as the free act of the person named in the instrument for its stated purpose.

This notarial act was performed using audio-video communication.

*[signature: Michael Cook]*

......................................................
Signature of Notary Public

**Michael Cook**
NOTARY PUBLIC
STATE OF NEVADA
I.D. # 19-2531-2
My Comm. Exp. May 28, 2023

Deed Book 61316 Page 431

Exhibit A - Property Legal Description

All that tract or parcel of land lying and being in Land Lot 48 of the 14TH District of FULTON County, Georgia, being Condominium Unit 8, Building 819, of PALISADES BY THE PARK, a Condominium, (fka Lots 29 and 30, Block 3 of Glendale Terrace, Plat Book 12, page 21) rs shown on the plat recorded in Condominium Plat Book 11, Page 117, aforesaid records as may be amended, and the floor plans recorded in Condominium Floor Plan Cabinet 2, Slide 399, aforesaid records as may be amended. (Property Address: 819 Durant Place, Unit #8, Atlanta, Georgia 30308) Map Reference #14-48-2-107-6.

Deed Book 61316 Page 432

GRANTOR: Michael Fleck

LOAN NUMBER: 1-20070-038

LENDER: Figure Lending LLC

DATE OF SECURITY DEED: 03/10/2020

## WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE **RIGHT TO ACCELERATE** THE DEBT AND THE **POWER OF ATTORNEY** GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF; (2) **WAIVES** ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

READ AND AGREED BY GRANTOR:

Signed, sealed and delivered
in the presence of:

_*Michael Fleck*_ (L.S.)    03/10/2020
Michael Fleck

_*Taylor Davis*_    03/10/2020
Taylor Davis
(Unofficial Witness)

Deed Book 61316 Page 433

_____         ___03/10/2020_____

Michael Cook
(Notary Public)

```
6444F12D34EAAE5D87CCF2F5A469FFFA
9B76C5971913EFBC6872938FDCFB1BAA
47C750903D12475BAB6AB741F01B6CF7
2AD4C23E801B131063F79110AA2ECF8F
```

Deed Book 61316 Page 434
Cathelene Robinson
Clerk of Superior Court

State of Nevada

County of Washoe

On this 10th day of March 2020, before me, Michael Cook (the undersigned notary public), Michael Fleck personally appeared by means of an interactive two-way audio and video communication, proved to me through satisfactory evidence which were a government-issued identification credential, credential analysis and identity proofing, to be the person whose name is signed on the preceding or attached instrument, and who acknowledged to me that this person was the maker of the attached instrument and executed this instrument voluntarily as the free act of the person named in the instrument for its stated purpose.

This notarial act was performed using audio-video communication.

*Michael Cook* (signature)

......................................................
Signature of Notary Public

**Michael Cook**
NOTARY PUBLIC
STATE OF NEVADA
I.D. # 19-2531-2
My Comm. Exp. May 28, 2023