IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | BANKRUPTCY CASE |
| MICHAEL SCOT FLECK, | NO. 21-54965-LRC |
| Debtors. | Chapter 7 Proceeding |
| S. GREGORY HAYS, CHAPTER 7 TRUSTEE FOR THE ESTATE OF MICHAEL SCOT FLECK, | |
| Plaintiff, | |
| v. | ADVERSARY PROCEEDING |
| JPMORGAN CHASE BANK, N.A. and FIGURE LENDING, LLC, | ADV. PRO. NO. 21-05150-LRC |
| Defendant. | |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER AND DEFENSES TO COMPLAINT

Defendant JPMORGAN CHASE BANK, N.A. (hereinafter, "JPM" or "Defendant"), through its undersigned counsel, hereby files its Answer and Defenses (hereinafter, "Answer") to the Plaintiff's, S. GREGORY HAYS, CHAPTER 7

TRUSTEE FOR THE ESTATE OF MICHAEL SCOT FLECK (hereinafter, "Trustee" or "Plaintiff"), Complaint (hereinafter, "Complaint"). In support of this Answer, JPM respectfully shows the Court as follows:

## FIRST DEFENSE

Trustee's Complaint fails to state a claim or cause of action against JPM upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's Complaint against JPM is barred by the doctrine of equitable subrogation in that the proceeds of the mortgage loan held by JPM were used to pay off and satisfy the previous security deed upon the Property in question located at 819 Durant Place NE, #8, Atlanta, Fulton County, Georgia 30308 (hereinafter, the "Property").  The prior existing security deed was satisfied of record, and JPM was not a mere volunteer but rather, had a direct contractual financial interest in the funds represented by its mortgage note and mortgage to the Debtor/Plaintiff; and, by advancing funds to satisfy unpaid mortgage(s) which had priority over any other interest in the Property owned by the Debtor, JPM is entitled to be equitably subrogated to said priority of the prior security deed which it paid off.

2

### THIRD DEFENSE

The Trustee cannot recover from JPM to the extent that JPM is a transferee for value, in good faith and without knowledge of the voidability of any transfer, as provided by 11 U.S.C. § 550(b)(1).

### FOURTH DEFENSE

The transfer which Plaintiff seeks to avoid falls within the exception of U.S.C. § 574(c)(1)(A).

### FIFTH DEFENSE

In the alternative, the transfer which Trustee seeks to avoid was not a transfer by the Debtor, but rather, a required transfer by the purchaser of the Property so as to convey marketable title to purchaser and, potentially, so as to allow purchaser's lender to obtain a first priority security interest.

### SIXTH DEFENSE

JPM reserves the right to allege further defenses as they may become known.

### SEVENTH DEFENSE

Without waiving any of its defenses, and in accordance therewith, JPM hereby answers the numbered allegations in the Complaint as follows:

1.

JPM admits the allegations in Paragraph 1 of the Complaint.

2.

JPM admits the allegations in Paragraph 2 of the Complaint.

3.

JPM admits the allegations in Paragraph 3 of the Complaint.

4.

JPM admits that venue is proper over this adversary proceeding.

5.

JPM does not consent to the entry of any final orders or judgments by this
Court if it is determined that this Court, absent consent of the parties, cannot enter
final orders or judgments consistent with Article III of the United States
Constitution.

6.

JPM admits that jurisdiction is proper over this adversary proceeding.

**Statement of Facts**

*A. General Background*

7.

Upon information and belief, JPM admits to the allegations in Paragraph 7 of Plaintiff's Complaint.

8.

Upon information and belief, JPM admits to the allegations in Paragraph 8 of Plaintiff's Complaint.

*B. Debtor's Purchase of the Property*

9.

JPM is without sufficient information to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint. By way of further answer, the Real Property Records of Fulton County Georgia speak for themselves.

10.

JPM is without sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint. By way of further answer, the Real Property Records of Fulton County Georgia speak for themselves.

5

11.

JPM is without sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint.

12.

JPM is without sufficient information to admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint. By way of further answer, JPM admits that the Debtor obtained a refinance loan and executed a promissory note and security deed on July 25, 2018, which refinanced an existing debt on the Property. JPM further admits that its loan to the Debtor and payoff of the existing security interest against the Property was in exchange for a first priority security interest in the Property and the same benefited the Debtor.

*C. The Subject Security Deeds*

*1. The First Security Deed*

13.

JPM admits to the allegations in Paragraph 13 of Plaintiff's Complaint.

14.

JPM admits to the allegations in Paragraph 14 of Plaintiff's Complaint. By way of further answer, the Real Property Records of Fulton County Georgia speak for themselves.

15.

JPM admits to the allegations in Paragraph 15 of Plaintiff's Complaint. By way of further answer, Exhibit "A" speaks for itself.

16.

JPM denies to the allegations in Paragraph 16 of Plaintiff's Complaint. By way of further answer, the Security Deed, which was executed by Debtor in front of two witnesses, incorporates any and all Riders which include, respectively, the Waiver of Borrower's Rights, Closing Attorney's Affidavit, and Foreclosure Disclosure (hereinafter, collectively, the "Rider"). Further, the Rider incorporates by reference the Security Deed. The Security Deed and Rider were recorded consecutively in the Real Property Records of Fulton County Georgia. The Trustee is intentionally misleading the Court by failing to reference the Rider.

17.

JPM denies to the allegations in Paragraph 17 of Plaintiff's Complaint. By way of further answer, the Security Deed, which was executed by Debtor in front of two witnesses, incorporates any and all Riders which include, respectively, the Waiver of Borrower's Rights, Closing Attorney's Affidavit, and Foreclosure Disclosure (hereinafter, collectively, the "Rider"). Further, the Rider incorporates by reference the Security Deed. The Security Deed and Rider were recorded consecutively in the Real Property Records of Fulton County Georgia. The Trustee is intentionally misleading the Court by failing to reference the Rider. Further, the Security Deed, which was satisfied at the sale of the Property on May 5, 2021, undeniably provided constructive notice. Absent notice, there would not have been a recorded Cancellation of the Security Deed.

18.

JPM denies to the allegations in Paragraph 18 of Plaintiff's Complaint. By way of further answer, the Security Deed, which was executed by Debtor in front of two witnesses, incorporates any and all Riders which include, respectively, the Waiver of Borrower's Rights, Closing Attorney's Affidavit, and Foreclosure Disclosure (hereinafter, collectively, the "Rider"). Further, the Rider incorporates by

reference the Security Deed. The Security Deed and Rider were recorded consecutively in the Real Property Records of Fulton County Georgia. The Trustee is intentionally misleading the Court by failing to reference the Rider. Further, the Security Deed, which was satisfied at the sale of the Property on May 5, 2021, undeniably provided constructive notice. Absent notice, there would not have been a recorded Cancellation of the Security Deed.

*2. The Second Security Deed*

19.

JPM is without sufficient information to admit or deny the allegations of Paragraph 19 of Plaintiff's Complaint.

20.

JPM is without sufficient information to admit or deny the allegations of Paragraph 20 of Plaintiff's Complaint. By way of further answer, the Real Property Records of Fulton County Georgia speak for themselves.

21.

JPM is without sufficient information to admit or deny the allegations of Paragraph 21 of Plaintiff's Complaint. By way of further answer, Exhibit "B" speaks for itself.

22.

The allegations contained in Paragraph 22 of Plaintiff's Complaint contain a legal conclusion for which no answer is required. As to any remaining allegations, JPM is without sufficient information to admit or deny.

23.

The allegations contained in Paragraph 23 of Plaintiff's Complaint contain a legal conclusion for which no answer is required. As to any remaining allegations, JPM is without sufficient information to admit or deny.

24.

The allegations contained in Paragraph 24 of Plaintiff's Complaint contain a legal conclusion for which no answer is required. As to any remaining allegations, JPM is without sufficient information to admit or deny.

*D. Debtor's Pre-Petition Sale of the Property*

25.

JPM admits the allegations in Paragraph 25 of Plaintiff's Complaint. By way of further answer, Debtor sold the Property on May 5, 2021 at which time JPM's first priority security interest on the Property was satisfied by the purchaser of the Property.

26.

JPM denies the allegations in Paragraph 26 of Plaintiff's Complaint as stated. By way of further answer, Debtor sold the Property on May 5, 2021 at which time JPM's first priority security interest on the Property was satisfied by the purchaser of the Property.

27.

JPM is without sufficient information to admit or deny the allegations of Paragraph 27 of Plaintiff's Complaint.

28.

JPM is without sufficient information to admit or deny the allegations of Paragraph 28 of Plaintiff's Complaint. By way of further answer, the Real Property Records of Fulton County Georgia speak for themselves.

*E. Debtor's Financial Condition*

29.

JPM is without sufficient information to admit or deny the allegations of Paragraph 29 of Plaintiff's Complaint. By way of further answer, Debtor's schedules speak for themselves.

30.

JPM is without sufficient information to admit or deny the allegations of Paragraph 30 of Plaintiff's Complaint. By way of further answer, Debtor's schedules speak for themselves.

31.

JPM is without sufficient information to admit or deny the allegations of Paragraph 31 of Plaintiff's Complaint.

32.

JPM is without sufficient information to admit or deny the allegations of Paragraph 32 of Plaintiff's Complaint. By way of further answer, with JPM's first priority security interest having been satisfied, and the Cancellation of the Security Deed recorded, Debtor's Estate is in a better position than it would have been if JPM's first priority security interest remained outstanding.

33.

JPM is without sufficient information to admit or deny the allegations of Paragraph 33 of Plaintiff's Complaint.

## COUNT I

## Claim to Avoid the First Transfer Under 11 U.S.C. § 547

34.

JPM realleges and incorporates by reference the foregoing defenses and responses to the Complaint.

35.

JPM denies the allegations of Paragraph 35 of Plaintiff's Complaint. By way of further answer, the JPM Security Deed was perfected on July 25, 2018 and ultimately, upon notice to purchaser, satisfied at the closing of the Property on May 5, 2021.

36.

JPM denies the allegations of Paragraph 36 of Plaintiff's Complaint. By way of further answer, the JPM Security Deed was perfected on July 25, 2018 and ultimately, upon notice to purchaser, satisfied at the closing of the Property on May 5, 2021.

37.

JPM denies the allegations of Paragraph 37 of Plaintiff's Complaint. By way of further answer, the JPM Security Deed was perfected on July 25, 2018 and

ultimately, upon notice to purchaser, satisfied at the closing of the Property on May

5, 2021.

38.

JPM admits the allegations of Paragraph 38 of Plaintiff's Complaint. By way

of further answer, the transfer of Debtor's interest in the Property to JPM occurred

on July 25, 2018 with the JPM Security Deed being perfected on July 25, 2018.

39.

JPM denies the allegations of Paragraph 39 of Plaintiff's Complain as stated.

By way of further answer, Debtor obtained a refinance loan and executed a

promissory note and security deed on July 25, 2018, using the Property as collateral,

which refinanced an existing debt on the Property. JPM further states that its loan to

the Debtor and payoff of the existing security interest against the Property was in

exchange for a first priority security interest in the Property and the same benefited

the Debtor.

40.

JPM is without sufficient information to admit or deny the allegations of

Paragraph 40 of Plaintiff's Complaint. By way of further answer, with JPM's first

priority security interest having been satisfied, and the Cancellation of the Security

14

Deed recorded, Debtor's Estate is in a better position than it would have been if JPM's first priority security interest remained outstanding.

41.

JPM denies the allegations of Paragraph 41 of Plaintiff's Complaint. By way of further answer, the transfer of Debtor's interest in the Property to JPM occurred on July 25, 2018 with the JPM Security Deed being perfected on July 25, 2018.

42.

JPM denies the allegations of Paragraph 42 of Plaintiff's Complaint. By way of further answer, with JPM's first priority security interest having been satisfied, and the Cancellation of the Security Deed recorded, Debtor's Estate is in a better position than it would have been if JPM's first priority security interest remained outstanding.

43.

Paragraph 43 of Plaintiff's Complaint states a legal conclusion for which no answer is required.

## COUNT II

## Claim for Preservation of Avoided First Transfer Under 11 U.S.C. § 551

### 44.

JPM realleges and incorporates by reference the foregoing defenses and responses to the Complaint.

### 45.

Paragraph 45 of Plaintiff's Complaint states a legal conclusion for which no answer is required. To the extent an answer is required, JPM's first priority security interest is not avoidable.

## COUNT III

## Claim to Avoid the Second Transfer Under 11 U.S.C. § 547

### 46.

JPM realleges and incorporates by reference the foregoing defenses and responses to the Complaint.

### 47.

JPM denies the allegations of Paragraph 47 of Plaintiff's Complaint. By way of further answer, the transfer of Debtor's interest in the Property to JPM occurred on July 25, 2018 with the JPM Security Deed being perfected on July 25, 2018.

16

48.

JPM denies the allegations of Paragraph 48 of Plaintiff's Complaint. By way of further answer, the transfer of Debtor's interest in the Property to JPM occurred on July 25, 2018 with the JPM Security Deed being perfected on July 25, 2018.

49.

JPM denies the allegations of Paragraph 49 of Plaintiff's Complaint. By way of further answer, the transfer of Debtor's interest in the Property to JPM occurred on July 25, 2018 with the JPM Security Deed being perfected on July 25, 2018.

50.

JPM is without sufficient information to admit or deny the allegations of Paragraph 50 of Plaintiff's Complaint.

51.

JPM is without sufficient information to admit or deny the allegations of Paragraph 51 of Plaintiff's Complaint.

52.

JPM is without sufficient information to admit or deny the allegations of Paragraph 52 of Plaintiff's Complaint.

53.

JPM is without sufficient information to admit or deny the allegations of Paragraph 53 of Plaintiff's Complaint.

54.

Paragraph 54 of Plaintiff's Complaint contains a legal conclusion for which no response is required. To the extent an answer is required, JPM is without sufficient information to admit or deny the remaining allegations of Paragraph 54 of Plaintiff's Complaint.

55.

Paragraph 55 of Plaintiff's Complaint contains a legal conclusion for which no response is required.

**COUNT IV**

**Claim for Preservation of Avoided Second Transfer Under 11 U.S.C. § 551**

56.

JPM realleges and incorporates by reference the foregoing defenses and responses to the Complaint.

18

57.

Paragraph 57 of Plaintiff's Complaint contains a legal conclusion for which no response is required.

## COUNT V

### Claim to Avoid the Chase Payment Under 11 U.S.C. § 547

58.

JPM realleges and incorporates by reference the foregoing defenses and responses to the Complaint.

59.

JPM denies the allegations of Paragraph 59 as stated. By way of further answer, the transfer of Debtor's interest in the Property to JPM occurred on July 25, 2018 with the JPM Security Deed being perfected on July 25, 2018. Further, with JPM's first priority security interest having been satisfied, and the Cancellation of the Security Deed recorded thereby providing new value, Debtor's Estate is in a better position than it would have been if JPM's first priority security interest remained outstanding.

60.

JPM denies the allegations of Paragraph 60 as stated. By way of further answer, with JPM's first priority security interest having been satisfied, and the Cancellation of the Security Deed recorded thereby providing new value, Debtor's Estate is in a better position than it would have been if JPM's first priority security interest remained outstanding. Further, the payment was provided by the purchaser of the Property in connection with the transfer of Debtor's interest in the Property to purchaser, not to JPM; JPM released its interest in the Property.

61.

JPM admits the allegations of Paragraph 61. By way of further answer, the transfer of Debtor's interest in the Property to JPM occurred on July 25, 2018 with the JPM Security Deed being perfected on July 25, 2018. Further, with JPM's first priority security interest having been satisfied, and the Cancellation of the Security Deed recorded thereby providing new value, Debtor's Estate is in a better position than it would have been if JPM's first priority security interest remained outstanding.

62.

JPM is without sufficient information to admit or deny the allegations of Paragraph 62 of Plaintiff' Complaint.

63.

JPM admits the allegations of Paragraph 63 of Plaintiff's Complaint. By way of further answer, the transfer of Debtor's interest in the Property to JPM occurred on July 25, 2018 with the JPM Security Deed being perfected on July 25, 2018. Further, with JPM's first priority security interest having been satisfied, and the Cancellation of the Security Deed recorded thereby providing new value, Debtor's Estate is in a better position than it would have been if JPM's first priority security interest remained outstanding. JPM's interest in the Property, and satisfaction of the Security Deed, is not an avoidable transfer.

64.

JPM denies the allegations of Paragraph 64 as stated. By way of further answer, the transfer of Debtor's interest in the Property to JPM occurred on July 25, 2018 with the JPM Security Deed being perfected on July 25, 2018. Further, with JPM's first priority security interest having been satisfied, and the Cancellation of the Security Deed recorded thereby providing new value, Debtor's Estate is in a better position than it would have been if JPM's first priority security interest remained outstanding. JPM's interest in the Property, and satisfaction of the Security Deed, is not an avoidable transfer.

21

65.

Paragraph 65 of Plaintiff's Complaint contains a legal conclusion for which no response is required.

**COUNT VI**

**Claim for Recovery from Chase Under 11 U.S.C. § 550(a)**

66.

JPM realleges and incorporates by reference the foregoing defenses and responses to the Complaint.

67.

JPM denies the allegations of Paragraph 67 as stated. By way of further answer, JPM's Security Deed was satisfied at the closing of the Property by purchaser, which took place on May 5, 2021. The Property was transferred to purchaser, and, while the Property could have remained subject to JPM's Security Deed, the Purchaser paid off JPM's first priority security interest in the Property. The transfer benefitted Debtor's Estate and, at a minimum, if JPM were an immediate transferee, the transferor is purchaser, not Debtor. Further, JPM received value in good faith which further benefitted Debtor's Estate.

68.

Paragraph 68 of Plaintiff's Complaint contains a legal conclusion for which no response is required.

## COUNT VII

### Claim for Preservation of Avoided Chase Payment Under 11 U.S.C. § 551

69.

JPM realleges and incorporates by reference the foregoing defenses and responses to the Complaint.

70.

Paragraph 70 of Plaintiff's Complaint contains a legal conclusion for which no response is required.

## COUNT VIII

### Claim to Avoid the Figure Payment Under 11 U.S.C. § 551

71.

JPM realleges and incorporates by reference the foregoing defenses and responses to the Complaint.

72.

JPM is without sufficient information to admit or deny the allegations of Paragraph 72 of Plaintiff' Complaint.

73.

JPM is without sufficient information to admit or deny the allegations of Paragraph 73 of Plaintiff' Complaint.

74.

JPM is without sufficient information to admit or deny the allegations of Paragraph 74 of Plaintiff' Complaint.

75.

JPM is without sufficient information to admit or deny the allegations of Paragraph 75 of Plaintiff' Complaint.

76.

JPM is without sufficient information to admit or deny the allegations of Paragraph 76 of Plaintiff' Complaint.

77.

JPM is without sufficient information to admit or deny the allegations of Paragraph 77 of Plaintiff' Complaint.

78.

Paragraph 78 of Plaintiff's Complaint contains a legal conclusion for which no response is required.

## COUNT IX

### Claim for Recovery from Figure Lending Under 11 U.S.C. § 550(a)

79.

JPM realleges and incorporates by reference the foregoing defenses and responses to the Complaint.

80.

JPM is without sufficient information to admit or deny the allegations of Paragraph 80 of Plaintiff' Complaint.

81.

Paragraph 81 of Plaintiff's Complaint contains a legal conclusion for which no response is required.

## COUNT X

## Claim for Preservation of Avoided Figure Payment Under 11 U.S.C. § 551

### 82.

JPM realleges and incorporates by reference the foregoing defenses and responses to the Complaint.

### 83.

Paragraph 83 of Plaintiff's Complaint contains a legal conclusion for which no response is required.

### Reservation of Rights

### 84.

The allegations in Paragraph 84 contain legal conclusions for which no response is required.

### 85.

JPM denies the Trustee is entitled to the relief sought in the WHEREFORE paragraph of the Complaint, including subparts.

### 86.

JPM denies any and all allegations in the Complaint not otherwise specifically admitted herein.

WHEREFORE, JPM respectfully requests that the Court:

(a) Grant JPM judgment in its favor as to each and every claim and count in the Complaint;

(b) Deny the Trustee all relief sought in the Complaint against JPM;

(c) Award JPM its costs incurred in connection with this proceeding, including, but not limited to attorney's fees; and

(d) Grant JPM such additional relief as the Court deems just and appropriate.

Respectfully submitted, this 18th day of February, 2022.

MCLAIN & MERRITT, PC

By: */s/ Tania R. Tuttle*
Tania R. Tuttle
Georgia Bar No. 720348

Counsel for Defendant

11625 Rainwater Drive, Ste. 125
Alpharetta, Georgia 30009
Phone: (770) 200-7000
ttuttle@mmatllaw.com
smonico@mmatllaw.com

## CERTIFICATE OF SERVICE

I, Tania Tuttle, hereby certify that I am over the age of 18 and that I served this day a copy of the foregoing DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER AND DEFENSES TO COMPLAINT on counsel of record identified below, electronically in accordance with the Court's Electronic Case Filing Procedures and by U.S. Mail, as follows:

Neil C. Gordon, Esq.
Arnall Gregory Golden LLP
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Email: neil.gordon@agg.com


By:      */s/ Tania R. Tuttle*
Tania R. Tuttle
Georgia Bar No. 720348


11625 Rainwater Drive, Ste. 125
Alpharetta, Georgia 30009
Phone: (770) 200-7000
ttuttle@mmatllaw.com